*296 ORDER (Petition Denied)
TODD R. MATHA, Chief Judge.
INTRODUCTION
This case concerns whether the parent, Theodore F. YellowCloud, can access monies on behalf of his minor child, D.Y., DOB 01/26/98, from the Children’s Trust Fund (hereinafter CTF) to purchase an automobile. The Court employs the standard enunciated in the Per Capita Distribution Ordinance (hereinafter Per Capita Ordinance), 2 HCC § 12.8c to assess the merit of the parent’s request. The Court denies the request of the petitioner.
PROCEDURAL HISTORY
The petitioner, Theodore F. Yellow-Cloud, initiated the current aetion by filing the October 14, 2008 Petition for Release of Per Capita Distribution (hereinafter Petition). Consequently, the Court issued a Summons accompanied by the above-mentioned Petition on October 14, 2008, and served the documents upon the respondent’s representative, Ho-Chunk Nation Department of Justice (hereinafter DOJ),[1] by personal service as permitted by HCN R. Civ. P. 5(C)(1). The Summons informed the respondent of the right to file an Answer within twenty (20) days of the issuance of the Summons pursuant to HCN R. Civ. P. 5(A)(2). The Summons also cautioned the respondent that a default judgment could result from failure to file within the prescribed time period.
The respondent, by and through DOJ Attorney Michelle M. Greendeer, filed a timely Answer on October 24, 2008, asking the Court to hold a fact-finding hearing. In response, the Court mailed Notice(s) of Hearing to the parties on November 5, 2008, informing them of the date, time and location of the Fact-Finding Hearing. The Court convened the Hearing on November 18, 2008 at 2:00 p.m. CST. The following parties appeared at the Fact-Finding Hearing: Theodore F. Yellow-Cloud, petitioner, and DOJ Attorney Aly-sia E. LaCounte, respondent’s counsel. On November 20, 2008, the respondent filed further documentation.
APPLICABLE LAW
PER CAPITA DISTRIBUTION ORDINANCE, 2 HCC § 12
Subsec. 8. Minors and Other Legal Incompetents.
a. The interests of minors and other legally incompetent Members, otherwise en *297 titled to receive per capita payments, shall, in lieu of payments to such minor or incompetent Member, be disbursed to a Children’s Trust Fund which shall establish a formal irrevocable legal structure for such CTFs approved by the Legislature as soon after passage of this Ordinance as shall be practical, with any amounts currently held by the Nation for passage for the benefit of minor or legally incompetent Members, and all additions thereto pending approval and establishment of such formal irrevocable structure, to be held in an account for the benefit of each such Member-beneficiary under the supervision of the Trial Court of the Nation. Trust assets of such CTFs shall be invested in a reasonable and prudent manner, which protects the principal and seeks a reasonable return.
b. Education Criterion.
(1) The trust assets of each such account maintained for a minor shall be disbursed to the Member-beneficiary thereof upon the earlier of (i) said Member-beneficiary meeting the dual criteria if [sic ] (a) reaching the age of eighteen (18) and (b) producing evidence of personal acquisition of a high school diploma to the Department of Enrollment (HSED, GED or any similar substitute shall not be acceptable), or (ii) the Member reaches the age of twenty-five (25); provided that this provision shall not operate to compel disbursement of funds to Members legally determined to be incompetent. In the event a Member, upon reaching the age of eighteen (18) does not produce proof of personal acquisition of a high school diploma, such Member’s per capita funds shall be retained in the CTF account and any and all per capita distributions payable to said Member after reaching age 18 will be added to such fund and not be paid to the Member[,] and the CTF account and [sic ] shall be held on the same terms and conditions applied during the Member-beneficiary’s minority until the earliest to occur: (1) the Member produces the required diploma; (2) the Member reaches the age of twenty-five (25); or (3) the Member is deceased.
c. Funds in the CTF of a minor or legally incompetent Member may be available for the benefit of a beneficiary’s health, education, and welfare when the needs of such person are not being met from other Tribal funds or other state or federal public entitlement programs, and upon a finding of special need by the Ho-Chunk Nation Trial Court. In order to request such funds, the following provisions apply:
(1) A written request must be submitted to the Trial Court by the beneficiary’s parent or legal guardian detailing the purpose and needs for such funds.
(2) The parent or legal guardian shall maintain records and account to the Trial Court in sufficient detail to demonstrate that the funds disbursed were expended as required by this Ordinance and any other applicable federal law.
(1) Any other standards, procedures, and conditions that may be subsequently adopted by the Legislature consistent with any applicable federal law shall be met.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 5. Notice of Service of Process.
(A) Definitions.
2. Summons-The official notice to the party informing him/her that he/she is identified as a party to an action or is being sued, that an Armver is due in twenty (20) calendar days (See HCN R. Civ. P. 6) and that a Default Judgment' may be entered against them if they do not file an Answer in the prescribed time. It shall also include the name and location of the Court, the case number, and the names of *298 the parties. The Summons.shall be issued by the Clerk of Court and shall be served with a copy of the filed Complaint attached.
(C) Methods of Service of Process.
1. Personal Service. The required papers are delivered to the party in person by the bailiff, or when authorized by the Court, a law enforcement officer from any jurisdiction, or any other person not a party to the action who is eighteen (18) years of age or older and of suitable discretion.
Rule 27. The Nation as a Party.
(B) Civil Actions. When the Nation is filing a civil suit, a writ of mandamus, or the Nation is named as a party, the Complaint should identify the unit of government, enterprise or name of the official or employee involved. The Complaint, in the case of an official or employee being sued, should indicate whether the official or employee is being sued in his or her individual or official capacity. Service can be made on the Ho-Chunk Nation Department of Justice and will be considered proper unless otherwise indicated by these rules, successive rules of the Ho-Chunk Nation Court, or Ho-Chunk Nation Law.
Rule 58. Amendment to or Relief from Judgment or Order.
(A) Relief from Judgment. A Motion to Amend or for relief from judgment, including a request for a new trial shall be made within ten (10) calendar days of the filing of judgment. The Motion must be based on an error or irregularity that prevented a party from receiving a fair trial or a substantial legal error that affected the outcome of the action.
(B) Motion for Reconsideration. Upon motion of the Court or by motion of a party made not later than ten (10) calendar days after entry of judgment, the Court may amend its findings or conclusions or make additional findings or conclusions, amending the judgment accordingly. The motion may be made with a motion for a new trial. If the Court amends the judgment, the time for initiating an appeal commences upon entry of the amended judgment. If the Court denies a motion filed under this Rule, the time for initiating appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) days after the filing of such motion, and the Court does not decide a motion under this Rule or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating the appeal from judgment commences in accordance with the Rules of Appellate Procedure.
(C) Motion to Modify. After the time period in which to file a Motion to Amend of a Motion for Reconsideration has elapsed, a party may file a Motion to Modify with the Court. The Motion must be based upon new information that has come to the party’s attention that, if true, could have the effect of altering or modifying the judgment. Upon such motion, the Court may modify the judgment accordingly. If the Court modifies the judgment, the time for initiating an appeal commences upon entry of the modified judgment. If the Court denies a motion filed under this Rule, the time for initiating an appeal from the judgment commences when the Court denies the motion on the record or when an order denying the motion is entered, whichever occurs first. If within thirty (30) calendar days after the filing of such motion, and the Court does not decide the motion or the judge does not sign an order denying the motion, the motion is considered denied. The time for initiating an *299 appeal from judgment commences in accordance with the Rules of Appellate Pro-cediere.
(D) Erratum Order or Re-issuance of Judgment. Clerical errors in a Court record, including the Judgment or Order, may be corrected by the Court at any time.
(E) Grounds for Relief. The Court may grant relief from judgments or orders on motion of a party made within a reasonable time for the following reasons: (1) newly discovered evidence which could not reasonably have been discovered in time to request a new trial; (2) fraud, misrepresentation or serious misconduct of another party to the action; (3) good cause if the requesting party was not personally served in accordance with Rule 5(c)(l)(a)(i) or (ii), did not have proper service and did not appear in the action; or (4) the judgment has been satisfied, released, discharged or is without effect due to a judgment earlier in time.
Rule 61. Appeals.
Any final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure, specifically Rules of Appellate Procedure, Rule 7, Right of Appeal. All subsequent actions of a final Judgment or Trial Court Order must follow the Rules of Appellate Procedure.
FINDINGS OF FACT
1. The parties received proper notice of the November 18, 2008 Fact-Finding Hearing.
2. The minor child, D.Y., DOB 01/26/98, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A006480. Pet. at 1.
3. The petitioner and father of the minor child, Theodore F. YellowCloud, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A003612, and resides at N8995 Sandpillow Road, Black River Falls, WI 54615. Id. at 2.
4. The respondent, Ho-Chunk Nation Office of Tribal Enrollment, is a division within the Ho-Chunk Nation Department of Heritage Preservation located on trust lands at Ho-Chunk Nation Headquarters, W9814 Airport Road, P.O. Box 667, Black River Falls, WI. See Dep’t of Heritage Pees. Establishment & Org. Act of 2001, § 6.5c.
5. The minor child’s mother, Renata L. YellowCloud, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A004274, and maintains a mailing address of P.O. Box 97, Black River Falls, WI 54615. Ms. YellowCloud is presently incapacitated and hospitalized due to a recent automobile accident. Fact-Finding Hr’g (LPER at 4, Nov. 18, 2008, 02:12:31 CST). The petitioner is estranged from his wife. Id., 02:13:37 CST.
6. The petitioner resides in the household of his mother, Cynthia W. Yellow-Cloud, with his minor children, D.Y., DOB 01/26/98; T.Y., DOB 11/24/00; and T.Y., DOB 06/12/02, and a niece, C.M.Y., DOB 01/18/94, over whom Ms. YellowCloud exercises guardianship. Id. at 2, 02:08:20 CST. For unbeknownst reasons, the petitioner has not facilitated the enrollment of his two (2) younger children despite each being eligible for enrollment since at least one (1) of the minors’ parents possesses at least one-half (⅛) or more Ho-Chunk blood quantum. Consequently, the petitioner’s actions or inaction has resulted in depriving the six and eight-year old of any accumulation of CTF monies.
7. The petitioner has been unemployed for approximately seven (7) consecutive months, and otherwise receives only per capita income. Id. at 3, 402:08:50, 02:14:00 *300 CST. The petitioner-reports that he is actively seeking tribal employment. Id. at 3, 02:08:59 CST.
8. Citizens Community Federal denied the petitioner an automobile loan due to poor credit history. Id., 02:09:17 CST.
9. The petitioner uses his mother’s automobile, which is in disrepair. Id., 02:11:06 CST; see also In the Interest, of C.M.Y., DOB 01/18/94, by Cynthia W. Yellowcloud v. HCN Ofice of Tribal Enrollment, CV 08-71 (HCN Tr. CL, Dee. 23, 2008) at 7.
10. Within the initial pleading, the petitioner presents the bases for his request: “the funds are to purchase a car to get the children back and forth to school, Dr. Appts, and work when I get employed.” Pei at 6.
11. Neither the minor child, D.Y., DOB 01/26/98, nor the other minor children have any ongoing medical concerns requiring emergency or handicap accessible transportation. LPER at 4, 02:11:34 CST.
12. The petitioner offered no testimony detailing why his minor child cannot use public school transportation.
13. The petitioner possesses a valid driver’s license.
14. The petitioner requested a release of CTF monies for purchase of an automobile, and submitted the first two (2) proposals at the Fact-Finding Hearing and the latter two (2) on November 20, 2008.
a) Eastside Auto Sales of Tomah, LLC $ 7,704.45[2] 25557 Highway 12 East Tomah, WI 54660
2002 Ford F150 SuperCrew 4x4 170,652 miles
b) Gross Chevrolet, Buick, Pontiac, GMC, Inc. $13,933.11[3] 530 North Water Street Black River Falls, WI 54615
2001 Chevrolet Silverado 2500 4WD VIN# 1GCHK29U41E200222 92,601 miles
c) Keenan’s Cherryland, Ltd. $15,931.72 995 West City Highway 16 West Salem, WI 54669
2005 Dodge Ram VIN# .1D7HU18N75J619246 31,573 miles
d) Gross Chevrolet, Buick, Pontiac, GMC, Inc. $38,390.00 530 North Water Street Black River Falls, WI 54615
2008 GMC Sierra 3500 4WD VIN# IGTJK33668F223412 *301 0 miles
15. The respondent declined to offer a recommendation regarding the petitioner’s request as it pertained to the first two (2) proposed vehicles. Id., 02:14:49 CST.
16. As of December 29, 2008, D.Y. had an amount of $104,050.48 deposited in the CTF account.
DECISION
The Court applies a four-part test when determining the circumstances under which it would grant a release of monies from the CTF account of a minor tribal member. See In the Interest of Minor Child(ren): V.D.C., DOB 10/03/84, et al., by Debra. Crowe v. HCN Office of Tribal Enrollment, CV 00-25 (HCN Tr. Ct., Apr. 6, 2001) at 7 (citing In the Interest of Minor Child: S.D.S., DOB 04/25/83, by Michelle R. DeCora v. HCN Office of Tribal Enrollment, CV 00-35 (HCN Tr. Ct., May 4, 2000) at 7). The Court derived the four-part test from language appearing in the PER CAPITA ORDINANCE, § 12.8c. Crowe at 7. First, the Court may only grant a release for the benefit of a beneficiary’s health, education, or welfare. Second, any such benefit must represent a necessity, and not a want or desire. Third, the parent or guardian must demonstrate special financial need. Finally, the petitioner must provide evidence of exhaustion of tribal funds and public entitlement programs. Id. at 8.
The Court closely examines each Petition for Release of Per Capita Distribution in fulfillment of its statutory obligation to super-vise the CTF accounts. Per Capita Ordinance, § 12.8a. The Court performs this super-vision against the backdrop of federal enabling legislation. Specifically, the INDIAN GAMING REGULATORY ACT requires that parents receive per capita monies “in such amounts as may be necessary for the health, education, or welfare, of the minor.” Indian Gaming Regulatory Act, 25 U.S.C. § 2710(b)(3)(C) (emphasis added). The Court has focused upon this limitation in developing its case lavr, announcing basic principles and rudimentary understandings that have guided it through a variety of requests.
Foremost among these understandings is the recognition that petitioners are “asking that the Court do something very unusual and extraordinary, i.e., take money from children and give it to the parents.” In the Interest of the Minor Children: M.C., DOB 04/09/89, et al. by Myra Cunnen v. HCN Dep't of Enrollment, CV 99-83 (HCN Tr. Ct., Jan. 21, 2000) at 3. The Court rightfully practices restraint when asked to serve as this instrumentality. The Court reasons that “no matter what the financial plight of the parents, the ordinary and usual expenses for raising children should not be shifted to the children.” Id. at 6.
Only a verifiable claim of poverty can justify a parent’s failure to provide a child’s basic necessities of life: “adequate food, clothing, shelter, medical care, education [and] supervision.” Hock Nation Children and Family Act, 4 HCC § 3.5bb. The Court, however, shall not relieve a parent of this responsibility if the impoverished condition of the family derives from poor parental decisions. The Court will not elevate a child to the status of provider as a consequence of regrettable choices made by the parent. Crowe, CV 00-25 at 13-14. “When a person becomes a parent, that parent inherently accepts the responsibility to provide for the health, education and welfare for that child or children.... As a parent, [he or she] has inherently accepted these financial obligations by *302 bringing ... children into this world.” In the Interest of Gary Alan Funmaker, Sr. v. Ho-Chunk Nation, CV 96-39 (H CN Tr. Ct., Oct. 18, 1996) at 7.
Accordingly, the Court has only granted CTF releases for food, clothing, shelter or medical care in the most egregious of circumstances. See In the Interest of Minor Child: D.A.S., DOB 10/14/87, by Larry Swan v. HCN Office of Tribal Enrollment, CV 00-96 (HCN Tr. Ct., Dec. 18, 2000) (insufficient Social Security Income to satisfy clothing needs of twelve (12) year old child cared for by terminally ill single parent); In the Interest of Minor Child: D.M.S. T., DOB 07/01/83, by Roxanne Tallmadge-Johnson v. HCN Office of Tribal Enrollment, CV 00-14 (HCN Tr. Ct., Apr. 13, 2000) (inability of Medical Assistance to cover a sports-related injury of a teenager residing in a household with eleven (11) other minor children). For other requests relating to health, education or welfare, the Court has distinguished between cases where the child receives the direct, tangible benefit (orthodontics) as opposed to those where the request proves beneficial to the entire family (automobiles). The Court is certainly less inclined to grant the latter type of requests due to the presence of this distinction. Also, the Court typically will require the parent(s) to offer a greater financial contribution depending upon the circumstances.
The Court shall now address the request presented by the petitioner in the instant case. In October 1996, the Court rendered its first decision in a case involving attempted parental access to a minor’s CTF account. Funmaker, Sr., CV 96-39. Since this time, the Court has granted seven (7) requests to purchase an automobile with a minor child’s CTF monies.[4] Only two (2) such successful requests followed the Court’s 2001 watershed opinion on remand. Crowe, CV 00-25.
In its initial Crowe judgment, the Court denied a familial automobile request, deeming speculative medical emergencies insufficient grounds to demonstrate necessity. Crowe, CV 00-25 (HCN Tr. Ct., May 22, 2000) at 6. The petitioner in Crowe appealed the automobile denial, and the Supreme Court required the Trial Court to “formulate a test that can be applied equally, based on the facts of each case.” Crowe, SU 00-09 (HCN S.Ct., Oct. 12, 2000) at 6. The Court consequently determined on remand that it would not perpetuate flawed reasoning within prior holdings, and concluded that a parent could not abdicate his or her inherent parental responsibility absent exigent circumstances.[5]
*303 The Court shall only grant a release of CTF monies for the purchase of an automobile if the petitioner cannot supply such a necessity, provided necessity is shown, because of unforeseeable and/or unusual circumstances, i.e., factors that prove beyond the control of an other-wise reasonably responsible parent or individual.
Crowe, CV 00-25 (HCN Tr. Ct., Apr. 6, 2001) at 14. The above analysis satisfied the Supreme Court’s call for a “strict and narrow interpretation” of the Per Capita Ordinance. Crowe, SU 00-09 at 5. The analysis serves to direct the judicial inquiry into parental special financial need, which represents the third prong of the prevailing statutory test. See supra p. 9.
Shortly after Crowe, the Court definitively addressed the issue of whether an automobile constitutes a necessity.
An automobile is highly desirable in America’s mobile society but it is not a necessity. Certainly it makes life easier in many ways but by its very nature it may only be used by adults and not children.... Moreover, the types of reasons an adult needs an automobile are generally those the parent is obligated to provide by being a parent, i.e., shopping for groceries, going to activities, etc.
In the Interest of the Minor Child: M.C., DOB 08/21/92, by Ellen Lewis v. HCN Office of Tribal Enrollment, CV 01-83 (HCN Tr. Ct., Aug. 17, 2001) at 4. Therefore, a petitioner must be capable of demonstrating that the absence of a reliable form of transportation would prove detrimental to a minor child’s health, education or welfare. Stated another way, the parent must establish a health, education or welfare necessity independent of a general desire for a family vehicle. To reiterate, an automobile does not represent a necessity in and of itself, especially when considered against a parent’s inherent responsibilities to his or her household.
The above elucidation of prongs two and three has not undergone any modification in the past seven (7) years. When examining pre-2001 decisions, only Goodbear and Patterson would have survived the appropriately heightened level of judicial scrutiny. In Goodbear, the Court explained that the minor children “suffer from a possible genetic defect, which is leading to the steady deterioration in their renal (kidney) functions.” Goodbear, CV 00-97 (HCN Tr. Ct., Nov. 3, 2000) at 1. The parents needed a safe and reliable vehicle to transport the children to regular kidney dialysis and renal treatments. Id., CV 00-97 (HCN Tr. Ct., Dec. 4, 2000) at 1. The parents initially insisted on a factory order van, but the Court declined that request, requiring instead that Ho-Chunk Nation Property & Procurement n/k/a Distribution Center locate a substitute vehicle for a set amount of money. Id., CV 00-97 (HCN Tr. Ct., Nov. 3, 2000) at 5. The Court held that it would not “approve a vehicle purchase, which is more desirable for the parents than required for the essential function of transporting the children.” Id. at 4. And, regardless of the different nature of the case, the Court mandated a parental contribution. Id. at 5.
Two (2) similar automobile requests have subsequently been submitted for judicial consideration. In 2003, the judicially appointed legal custodian sought a contribution (one-half of the purchase price) for the acquisition of a handicap accessible van *304 by the physical custodians of a minor child with “severe physical and mental limitations.” J.H.R., CU 95-18 at 5. The petitioner first obtained state funding in the amount of $12,000.00 to assist in converting the vehicle. Id. In 2006, the Court granted its most recent automobile request to address the medical needs of a minor child. As the Court explained: “the minor child suffers from a mental handicap and needs accessible, reliable transportation. The minor child resides in Nekoosa, Wisconsin and attends regularly scheduled medical appointments in Marshfield, Wisconsin. At these medical appointments, a number of specialists assess the minor child’s medication and development.” Bush, CV 05-83 at 10-11.
The Court, therefore, has acknowledged a category of automobile request cases that generally receives favorable treatment. However, the Court performs an independent evidentiary analysis of each CTF case, and, as stated above, the fact specific Patterson case would have satisfied the 2001 jurisprudential evolution of the standard. In Patterson, the petitioner, who presented the request on behalf of a child, D.J.P., DOB 07/26/83, on the verge of emancipation, would have satisfied the standard based on the following factors: 1) the age of the minor child, seventeen; 2) the absence of the father during the life of the minor child, and the lack of any child support despite efforts to collect by the State of Wisconsin; 3) the minor child’s support of the family, D.J.P. and the mother, during the mother’s prolonged incapacity; 4) the decision of the minor child to pursue a high school education through computer correspondence in order to provide for the family; 5) the minor child’s anticipated receipt of a high school diploma in Spring 2001; 6) the lack of reliable transportation; and 7) the necessity of a vehicle for transportation of the minor child and the mother to and from work for purposes of sustaining the household. Patterson, CV 00-47 at 5-8. The Court commended the minor child’s voluntary assumption of such a tremendous amount of responsibility for the preservation of the family unit. Id. at 8. Furthermore, the Court disallowed the initial automobile request, requiring the petitioner to locate a modest, reliable used vehicle. Fact-Finding Hr'g (Courtroom Log/M ins. at 11-12, June 27, 2000).
In all CTF cases, the Court adjudges a pending request against a twelve-year body of case law. The petitioner in the instant case simply does not satisfy the consistently applied standard for granting a vehicle request. The minor child has no persistent medical condition requiring immediate and consistent access to reliable transportation. The Court shall not grant automobile requests on the basis of speculative, generalized or temporal health needs. See, e.g., In the Interest of Minor Child: P.S., DOB 04/10/87, by Pearl Light Storming v. HCN Office of Tribal Enrollment, CV 02-44 (HCN Tr. Ct., Sept. 20, 2002); In the Interest of M.W., DOB 07/09/95, by Melody Whiteagle-Fintak v. HCN Office of Tribal Enrollment, CV 01-154 (HCN Tr. Ct., Mar. 13, 2002); Crowe, CV 00-25 (HCN Tr. Ct., May 22, 2000). The minor child also has no educational necessity requiring a family vehicle since the child may presumably use a public school bus.
Regarding special financial need, the petitioner has wholly failed to demonstrate the presence of “unforeseeable and/or unusual circumstances, i.e., factors that prove beyond the control of an otherwise reasonably responsible parent or individual.” Crowe, CV 00-25 (HCN Tr. Ct., Apr. 6, 2001) at 14. The petitioner has remained unemployed for approximately seven (7) months, and testified to searching only for *305 other tribal employment. The petitioner presented no evidence that his present financial status is owing to anything other than unfortunate parental decisions.[6] The Court shall not elevate a child to bear an otherwise parental responsibility in such instances. See Bush, CV 05-83 at 10.
BASED UPON THE FOREGOING, the Court denies the petitioner’s request. PLEASE BE ADVISED: each minor CTF beneficiary must file an annual federal income tax return, and may need to file an equivalent state tax return. Individuals may request a release of CTF monies for payment of taxes, if necessary, by filing a Certificate of Additional Tax Due with Fifth Third Bank, Attn.: Curt Ballast MD # RMNR1C, 111 Lyon Street NW, Grand Rapids, MI 49503, preferably on or before March 31, 2008. Requests for such documentation may likewise be directed to Fifth Third Bank. Failure to pay appropriate taxes may result in penalties and/or fines. Fifth Third Bank routinely provides relevant tax-related information to beneficiaries, provided that the beneficiaries maintain current mailing addresses with the Ho-Chunk Nation Office of Tribal Enrollment, P.O. Box 129, Black River Falls, WI 54615, Tel.:(800) 331-7824.
The parties retain the right to file a timely post judgment motion with this Court in accordance with HCN R. Civ. P. 58, Amendment to or Relief from Judgment or Order. Otherwise, “[a]ny final Judgment or Order of the Trial Court may be appealed to the Supreme Court. The Appeal must comply with the Rules of Appellate Procedure [hereinafter HCN R.App. P.], specifically Rules of Appellate Procedure, Rule 7, Right of Appeal.” HCN R. Civ. P. 61. The appellant “shall within sixty (60) calendar days after the day such judgment or order was rendered, file with the Supreme Court Clerk, a Notice of Appeal, from such judgment or order, together with a filing fee as stated in the appendix or schedule of fees.” HCN R.App. P. 7(b)(1). “All subsequent actions of a final Judgment or Trial Court Order must follow the [HCN R.App. P.].” HCN R. Civ. P. 61.

. The Ho-Chunk Nation Rules of Civil Procedure (hereinafter HCN R. Civ. P) permit the Court to serve the Complaint upon the DOJ when the plaintifl/petitioner names as a party a unit of government or enterprise. HCN R. Civ. P. 27(B).

. The selected automobile does not represent a commercially reliable vehicle, i.e., less than six (6) years old with an odometer reading of less than 75,000 miles. See In Re: L.L.L. by Helen Littlesoldier v. HCN Enrollment Dep’t, CV 97-03 (HCN Tr. Ct., Mar. 11, 1997) at 2.

. Supra note 2.

. In the Interest of Minor Child: A. F., DOB 01/13/96, by Alona R. Bush v. HCN Office of Tribal Enrollment, CV 05-83 (HCN Tr. Ct., Jan. 25, 2006); In the Interest of Minor Child: DOB 01/09/95, CU 95-18 (HCN Tr. Ct., Sept. 18, 2003); In the Interest of Minor Children: T.T.G., DOB 07/24/90, et al. by Michael A. Goodbear v. HCN Office of Tribal Enrollment, CV 00-97 (HCN Tr. Ct, Dec. 4, 2000); In the Interest of Minor Child: D.I.P., DOB 07/26/83, by Loretta Patterson v. HCN Office of Tribal Enrollment, CV 00-47 (HCN Tr. Ct., July 28, 2000); Cunneen, CV 99-83; In the Interest of the Minor Children: J.L.G., DOB 05/02/82, et al. by Rae Anna Garcia v. HCN Enrollment Dep’t, CV 99-59 (HCN Tr. Ct, Nov. 10, 1999); In the Interest of Jessica Lore-do by Mary Decorah v. HCN Enrollment Dep’t, CV 96-76 (HCN Tr. Ct., Jan. 30, 1997).

. The Court recently noted that a court appointed guardian need not establish special financial need in this context since he or she has voluntarily undertaken to satisfy an unfulfilled obligation created by an unwilling or unavailable parent. Yellowcloud, CV 08-71 at 6 n. 2, 10. In this respect, the guardian “occupies a status akin to a parent faced with trying family circumstances [that] do not result from poor parental decision-making, but from factors outside the control of a reasonable parent.’ ” In the Interest of Minor Child: R.G.C., DOB 07/27/92, by June E. White Thunder v. HCN Office of Tribal Enrollment, CV *303 05-92 (HCN Tr. Ct., Jan. 11, 2006) at 12 (quoting In the Interest of Minor Child: D.A.S., DOB 10/14/87, by Larry Swan v. HCN Office of Tribal Enrollment, CV 02-36 (HCN Tr. Ct, July 15, 2002) at 9).

. The Court also questions the wisdom of one of the petitioners identified vehicle selections since the purchase price exceeds one-third (?) of the minor child's CTF balance. Supra p. 301.